<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1884**
_____

KINGSTON AT WAKEFIELD HOMEOWNERS ASSOCIATION, INC.,

        Plaintiff - Appellant,

    v.

KIM DEHAVION CASTELL,

        Defendant - Appellee,

    and

JOHN F. LOGAN,

        Trustee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:13-cv-00001-BO)

_____

Argued:  September 17, 2014      Decided:  November 21, 2014

_____

Before KING and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED**: Nelson Glenn Harris, HARRIS & HILTON, PA, Raleigh, North Carolina, for Appellant.  Robert Lee Roland, IV, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The sole dispute on appeal is whether the bankruptcy court erred in treating a particular creditor's claim in this bankruptcy action as unsecured as opposed to secured. As the second layer of appellate review, we affirm the district court's affirmance of the bankruptcy court's treatment of the claim as unsecured.

I.

This action began when Kim Castell (Debtor) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 20, 2012. At the time, Debtor was delinquent in dues she owed the Kingston at Wakefield Homeowners Association, Inc. (the HOA) in the amount of $678.75. The debt arose from Debtor's ownership of real property in the Kingston at Wakefield Plantation subdivision (the Subdivision), which real property is subject to the recorded Declaration of Covenants, Conditions, and Restrictions for Kingston at Wakefield Plantation (the Declaration).

The HOA filed a proof of secured claim in Debtor's bankruptcy action in the amount of $678.75, asserting that the debt is secured by a lien on Debtor's real property in the Subdivision. Debtor objected to the HOA's assertion that the claim is secured. According to Debtor, the delinquent dues are

2

only entitled to treatment as a general unsecured claim because the HOA never obtained a lien on Debtor's real property in accordance with the North Carolina Planned Community Act (the Planned Community Act), which provides, in relevant part:

> Any assessment attributable to a lot which remains unpaid for a period of 30 days or longer shall constitute a lien on that lot when a claim of lien is filed of record in the office of the clerk of superior court of the county in which the lot is located . . . . Once filed, a claim of lien secures all sums due the association through the date filed and any sums due to the association thereafter.

N.C. Gen. Stat. § 47F-3-116(a).

In response, the HOA did not dispute that it failed to comply with the Planned Community Act. Rather, the HOA took the position that "[i]t is not necessary for a homeowners association to file a lien in accordance with the provisions of the Planned Community Act to have a valid security interest in the Property." (J.A. 15). The HOA attached a copy of the Declaration to its response.

Of relevance on appeal, Article V, Section 1, Subsection (a) of the Declaration provides that annual assessments of the HOA "shall be a charge and continuing lien on the Lot against which such assessment is made." (J.A. 25). Also of relevance on appeal, Article V, Section 12 of the Declaration, entitled "Assessment Lien and Foreclosure," provides, in relevant part:

> All sums assessed in the manner provided in this Article but unpaid, shall . . . become a continuing

3

lien and charge on the Lot owned by the defaulting Owner and improvements thereon covered by such assessment, as of the assessment due date . . . . To evidence the aforesaid assessment lien, which remains unpaid for a period of 30 days or longer the Board shall prepare a written notice of assessment lien setting forth the amount of the unpaid indebtedness, the name of the Owner of the Lot and improvements thereon covered by such lien and a description of the Lot. Such notice shall be signed by an officer or authorized agent of the Association and shall be recorded in the Office of the Clerk of Superior Court of Wake County, North Carolina. Such lien for payment of assessments shall attach with the priority above set forth from the date that such payment becomes delinquent and may be enforced by the foreclosure of the defaulting Owner's Lot and improvements thereon by the Association in like manner as a mortgage or deed of trust with power of sale on real property under Article 2A of Chapter 45 of the North Carolina General Statutes subsequent to the recording of a notice of assessment lien as provided above and/or the Association may institute suit against the Owner personally obligated to pay the assessments and/or foreclosure of the aforesaid lien judicially or may seek other available remedy or relief. . . . The provisions of this Article V shall be in addition to the provisions of applicable laws relating to liens established as herein provided.

(J.A. 28).

The bankruptcy court held a hearing on Debtor's objection and the HOA's response. The HOA argued that it held a common law lien on Debtor's real property in the Subdivision in the amount of $678.75 based upon the language in the Declaration providing that the annual assessments of the HOA "shall be a charge and continuing lien on the Lot against which such assessment is made." (J.A. 25). The bankruptcy court sustained

4

Debtor's objection to treatment of the HOA's claim as secured as opposed to unsecured, reasoning as follows:

> Because [the HOA] never filed a notice of lien with the Clerk of the Superior Court of Wake County, its prepetition claim for delinquent homeowners dues and assessments was never perfected under N.C. Gen. Stat. § 47F-3-116 or Article V, Section 12 of its own declaration, both requiring written notice of the assessment lien to be recorded with the Clerk of the Superior Court of Wake County.

(J.A. 77).

The HOA appealed the ruling to the district court, which affirmed on the reasoning of the bankruptcy court. This timely appeal followed.

II.

On appeal, the HOA continues to maintain that its claim is secured and asks us to reverse the district court's affirmance of the bankruptcy court on that basis. With respect to the Planned Community Act, the HOA concedes that it did not file a claim of lien with the Office of the Clerk of Superior Court of Wake County, North Carolina on Debtor's real property in the Subdivision, and therefore, cannot avail itself of the lien foreclosure remedy of North Carolina General Statute § 47F-3-116. The HOA contends, however, that such noncompliance is irrelevant to its ability to assert a secured claim on Debtor's real property in the Subdivision under common law based upon the

5

Declaration. This is because, the HOA argues, the Planned Community Act is not the exclusive vehicle by which a homeowners' association in North Carolina can enforce a lien for unpaid assessments on a homeowner's property. In support of this argument, the HOA points to North Carolina General Statute § 47F-3-116(d), which provided during the time period relevant to this case:

> (d) This section does not prohibit other actions to recover the sums for which subsection (a) of this section creates a lien or prohibit an association taking a deed in lieu of foreclosure.

N.C. Gen. Stat. § 47F-3-116(d) (2011).

With respect to the language of Article V, Section 12 of the Declaration, the HOA argues that such language "provides for a continuing lien and charge as of the assessment due date, which may be evidenced by filing with the Wake County Clerk of Superior Court, but which, in any event, exists and binds the Owners and its heirs, successors and assigns, without any filing." Appellant's Br. at 23. Based upon this argument, the HOA urges us to conclude that it has a lien on Debtor's real property in the Subdivision that is enforceable under common law regardless of whether the HOA filed written notice of such lien with the Office of the Clerk of Superior Court of Wake County.

We affirm the district court's affirmance of the bankruptcy court's treatment of the HOA's claim as unsecured. Even

6

assuming arguendo that the Planned Community Act is not the exclusive vehicle by which a homeowners' association in North Carolina can enforce a lien for unpaid assessments on a homeowner's property, the HOA's common law lien theory is inconsistent with the detailed procedure for obtaining an assessment lien against a homeowner's property in the Subdivision. The HOA's position ignores the mandatory nature of the plain language of Article V, Section 12 of the Declaration detailing the steps the HOA must take to obtain an assessment lien. (J.A. 28) ("To evidence the aforesaid assessment lien . . . the Board shall prepare a written notice of assessment lien . . ., . . . [s]uch notice shall be signed by an officer or authorized agent of the Association and shall be recorded in the Office of the Clerk of Superior Court of Wake County, North Carolina). The record is undisputed that the HOA did not comply with these lien procedures. Accordingly, assuming arguendo the validity of the HOA's argument regarding the Planned Community Act not providing an exclusive remedy, we affirm the district court's affirmance of the bankruptcy court's treatment of the HOA claim as unsecured.

AFFIRMED

7